## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 13628. Department Two. February 16, 1917.]

## THE STATE OF WASHINGTON, *Respondent*, v. J. J. MASSEY, *Appellant*.[1]

FRAUD—OFFENSES—FALSE ADVERTISING. An advertisement that a piano "was $400, now $200," does not sustain a charge of falsely advertising the market value to be $400 when it never was that amount; since it plainly refers to the retail selling price.

SAME—FALSE ADVERTISING—COMPLAINT—SUFFICIENCY. An advertisement that the market value of a piano "was $400, now $200," would not be a violation of Rem. Code, § 2622-1, prohibiting false advertising that tends to "deceive or mislead" or induce the public to purchase merchandise; since to falsely advertise that the market value had depreciated fifty per cent would not reasonably deceive the public.

SAME—OFFENSES—FALSE ADVERTISING—PLEADING AND PROOF—VARIANCE. A charge of false advertising by misrepresenting the market value of pianos which did not set out the advertisement but pleaded its legal effect, tried out on that theory, cannot be sustained on appeal as a charge of falsely representing the retail selling price.

CRIMINAL LAW — DEFECTS IN COMPLAINT — MOTION IN ARREST. Where a charge plainly fails to state an offense, the objection is properly raised by motion in arrest of judgment.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 24, 1915, upon a trial and conviction of the offense of false advertising. Reversed.

*Herbert C. Bryson* and *E. L. McDougal*, for appellant.

*Earl W. Benson*, for respondent.

[1]Reported in 163 Pac. 7.

WEBSTER, J.—Appellant, in the justice court for Walla Walla precinct, in Walla Walla county, was convicted of the offense of false advertising, and appealed to the superior court. From a judgment of conviction in the latter court, this appeal is prosecuted.

The complaint reads as follows:

"Earl W. Benson, being duly sworn, on oath, says that at Walla Walla city in said Walla Walla county, on or about 13th day of February, 1916, J. J. Massey did commit the crime of false advertising as follows: The said J. J. Massey then and there being, did wilfully and unlawfully and feloniously cause to be made, published, circulated and placed before the public in the county of Walla Walla, state of Washington, in the Walla Walla Union, a newspaper published in Walla Walla, Washington, an advertisement regarding merchandise offered for sale to the public, which advertisement did then and there contain assertions, representations, and statements of fact which were then and there untrue, deceptive and misleading, to wit in this: Said J. J. Massey thereby represented to the public that a used Smith & Barnes oak case piano and a Shilling & Son piano were theretofore of the market value of $400 and $375 respectively, when in truth and in fact said pianos never were of the market value of $400 and $375 respectively; that said advertisement was so published with intent to induce the public to enter into an obligation relating thereto and to acquire title thereto or interest therein, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

Rem. Code, § 2622-1, upon which the complaint is based, is as follows:

"Any person . . . who, with intent to sell or in any wise dispose of merchandise, . . . directly or indirectly, to the public . . . or to induce the public in any manner to . . . acquire title thereto; or an interest therein, makes, publishes, disseminates, circulates, or places before the public, . . . in a newspaper . . . an advertisement of any sort regarding merchandise . . . which advertisement contains any assertion, representation or statement

of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor   . . ."

In support of the charge, the state introduced in evidence the following advertisement, which appellant admitted he had caused to be published:

"PRE-OPENING SALE OF USED PIANOS.
"These pianos must be closed out to make room for carload of new pianos coming from the east. Every piano fully guaranteed two years; exchange privilege; unheard of easy terms. All look like new.
"Smith & Barnes, oak case, was $400; now $200.
"Schilling & Sons, beautiful case, was $375, now $167.
"Brinkerhoff, art case, was $400; now $218. Free delivery and stool.                          J. J. Massey   . . ."

It will be seen that the only statement or assertion alleged to have been false and deceptive is:

"Said J. J. Massey thereby represented to the public that a used Smith & Barnes oak case piano and a Shilling & Son piano were theretofore of the market value of $400 and $375 respectively, when in truth and in fact said pianos never were of the market value of $400 and $375 respectively."

At the threshold, we are confronted with the question of whether the advertisement contains this statement. The publication does not, in terms, refer to the "market value" of the pianos mentioned, and it seems clear to us that the language used will not bear the meaning sought to be ascribed to it. The plain and common sense meaning of the advertisement, as we read it, is that the retail selling price of the pianos formerly were $400 and $375, but, at the time of the publication, those prices had been reduced or marked down to $200 and $167. The statements referred to the retail selling price of the pianos and not to their market value. If the complaint had alleged that appellant had published an advertisement in which he asserted that the retail selling prices of the pianos referred to formerly were $400 and

$375, but that those prices had been reduced to $200 and $167, and the pianos were offered for sale to the public at the latter prices, when in truth and in fact the retail selling prices of the pianos never had been $400 and $375, nor approximately those amounts, an entirely different question would be presented. If, however, it be conceded that ·the statements complained of referred to the market values of the pianos, the case must likewise fail, for the reason that, by so construing the advertisement, it is not deceptive or misleading nor would it reasonably tend to induce the public to purchase the instruments. If the expressions "was $400" and "was $375" referred to the former market values of the pianos, then the expressions "now $200" and "now $167" must have referred to the market values of the instruments at the time of the publication; and the effect of the statements, taken as a whole, was to assert that the market values of the pianos during the period referred to, whatever that period may have been, had depreciated fifty per cent. How such an advertisement could, in any manner, tend to deceive the public or induce a member of it to acquire title to, or an interest in, the pianos is more than we are able to understand.

It cannot be said in this case that it is technical to hold the state to the exact legal meaning of the term "market value," for the reason that, during the trial, both the prosecuting attorney and the court applied to the term its precise legal definition and the case was tried and submitted to the jury on that theory. Moreover, the complaint does not set forth the advertisement. It undertakes to plead the meaning and effect of a portion only of the language used. It alleges merely that the printed article falsely stated the market values of the pianos at some indefinite former time. It does not allege what the true market values were, and for aught that appears in the complaint the values stated may have been substantially correct. Plainly, this is insufficient to charge an offense under the statute quoted, and the question

of the sufficiency of the complaint to charge a crime was properly raised by motion in arrest of judgment.

We conclude that the judgment must be reversed with direction to dismiss.

MORRIS, MOUNT, PARKER, and FULLERTON, JJ., concur.